UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ARKADY SARDARIAN,<br><br>             Plaintiff,<br> v.<br><br>FEDERAL EMERGENCY MANAGEMENT AGENCY; DEAN J. SAVRAMIS, in his official capacity; and<br><br>DEPARTMENT OF EMERGENCY SERVICES & PUBLIC PROTECTION, DIVISION OF CONNECTICUT EMERGENCY MANAGEMENT & HOMELAND SECURITY; WILLIAM J. HACKETT, GEMMA FABRIS, AND KEN DUMAIS, in their official capacity; and<br><br>TOWN OF WESTPORT, CONNECTICUT; JIM MARPE, ROBERT E. YOST, ANDREW KINGSBURY, AND MICHELE ONOFRIO, in their official capacity;<br><br>             Defendants. | Civil Action No.<br>No. 3:19-cv-910 (CSH)<br><br><br><br><br><br><br><br>OCTOBER 22, 2019 |

**ORDER RE STATUS OF DEFAULTED DEFENDANTS**

**Haight, Senior District Judge:**

### I. INTRODUCTION

In the case at bar, Plaintiff sues various federal and state agencies and officials to void the decision by the Federal Emergency Management Agency ("FEMA") in July 2018 to terminate previously awarded Hazard Mitigation Grant Program ("HMGP") funding for the elevation of the lowest living area of his raised-ranch slab-on-grade residence located in Westport, Connecticut. Doc. 1, ¶ 1. At present, Plaintiff has moved for default judgment against four defendants pursuant to

1

Federal Rule of Civil Procedure Rule 55(b). These defendants include: Connecticut Department of Emergency Services and Public Protection ("DESPP"), William J. Hackett, Gemma Fabris, and Ken Dumais (herein "Defendants" or "defaulted defendants"). Each of these defendants, a state agency and state officials sued in their official capacities, failed to appear or defend "within 21 days after being served with the summons and complaint," Fed. R. Civ. P. 12(a)(1)(A)(i).[1] Consequently, pursuant to Plaintiff's motion for default, the Clerk of the Court entered default against each of them under Rule 55(a), Fed. R. Civ. P. Since the entry of these defaults, the defaulted defendants have both appeared and filed a motion to dismiss the action. *See* Doc. 40 ("Notice of Appearance" of Terrence M. O'Neill, Assistant Attorney General) and Doc. 41 ("Motion to Dismiss" the Complaint under Fed. R. Civ. P. 12(b)(1) and (b)(6)).

However, the defaulted defendants are hereby advised that although they have now appeared and pled in this action, they remain in default unless and until they move to open the default and the Court grants that motion. Clearly, from their motion to dismiss, it is evident that they believe that they have meritorious defenses to Plaintiff's claims and intend to vigorously assert these defenses.

---

[1] Defendants Federal Emergency Management Agency ("FEMA") and Dean Savramis are federal defendants, a federal agency and an official of a federal agency, respectively. Under Rule 12(a)(3), Fed. R. Civ. P., the United States, a United States agency, or a United States officer or employee sued only in an official capacity must serve an answer to a complaint within 60 days after service on the United States attorney. Those 60 days have not yet elapsed. The remaining defendants are state agencies and state officials, sued in their official capacities. As discussed *supra*, these defendants had 21 days after service to respond to the Complaint. Fed. R. Civ. P. 12(a)(1)(A)(i). Defendants Town of Westport, Jim Marpe, Robert E. Yost, Andrew Kingsbury, and Michele Onofrio requested an extension of time to answer or respond and were granted that extension for good cause (till Oct. 24, 2019). Doc. 33 and 35. However, the defaulted defendants – those listed in Sardarian's pending motion for default [Doc. 38] – have neither appeared in the action nor responded by their deadlines. These include: DESPP, William Hackett, Gemma Fabris, and Ken Dumais.

However, appearing and pleading are not sufficient actions to nullify a default. A party must move the Court to "set aside the default for good cause" under Rule 55(c), Fed. R. Civ. P.

## II. DISCUSSION

**A. Standard to Set Aside Default under Rule 55(c), Fed. R. Civ. P.**

Rule 55(c) specifies that the requisite basis to set aside default is "good cause." Although the rule does not define "good cause," the Second Circuit has stated that "[i]n determining whether to set aside a party's default, the district court should consider principally '(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented.'" *Powerserve Int'l, Inc. v. Lavi*, 239 F.3d 508, 514 (2d Cir. 2001) (quoting *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir.1993)). Additionally, "[b]ecause there is a 'preference for resolving disputes on the merits,' doubts 'should be resolved in favor of the defaulting party.'" *Id.* (quoting *Enron Oil Corp.*, 10 F.3d at 96). *See also Meehan v. Snow*, 652 F.2d 274, 277 (2d Cir.1981) (per curiam ) (In general, "[d]efaults are not favored, particularly when the case presents issues of fact, and doubts are to be resolved in favor of a trial on the merits.") (citing, *inter alia*, *Klapprott v. United States*, 335 U.S. 601, [615 ] (1949)). "While courts are entitled to enforce compliance with the time limits of the Rules by various means," default is viewed as an "extreme sanction," one to be treated as "a weapon of last, rather than first, resort." *Meehan*, 652 F.2d at 277 (citations omitted).

In determining whether to set aside a default, the court also considers such equitable factors as "whether the failure to follow a rule of procedure was a mistake made in good faith and whether the entry of default would bring about a harsh or unfair result." *Enron Oil Corp.*, 10 F.3d at 96. Moreover, in reaching a conclusion regarding "good cause," the court must construe the criteria

3

"generously" as a "reflection of [the Second Circuit's] oft-stated preference for resolving disputes on the merits." *Id.* at 95 -96 (citing, *inter alia*, *Meehan*, 652 F.2d at 277).

In addition, "[a] motion to vacate a default is subject to a less rigorous standard than applies to a Rule 60(b) motion to vacate a default judgment." *Am. Alliance Ins. Co., Ltd. v. Eagle Ins. Co.*, 92 F.3d 57, 59 (2d Cir.1996) (citing *Meehan*, 652 F.2d at 276). *See also State Farm Mut. Auto. Ins. Co. v. Cohan*, 409 F. App'x 453, 456 (2d Cir. 2011) (Second Circuit expressly "analyzed [defendants'] claims under Rule 55(c)'s *more forgiving standard* for setting aside an administrative default")(emphasis added); *New York v. Green*, 420 F.3d 99, 109 (2d Cir. 2005) (Under Rule 55(c), "a default may be vacated for 'good cause shown,' a less rigorous standard than applies under Rule 60(b)."). When a district court has erroneously applied the more vigorous standard of Rule 60(b) to consider vacating a default, versus a default judgment, the Second Circuit has held that such an error "requires reversal." *Meehan*, 652 F.2d at 276.

"Ultimately, the matter of whether to grant relief from the entry of a default is left to the sound discretion of a district court because it is in the best position to assess the individual circumstances of a given case and to evaluate the credibility and good faith of the parties." *Powerserve Int'l, Inc.,* 239 F.3d at 514 (citation omitted). *See also State Farm Mut. Auto. Ins. Co.,* 409 F. App'x at 455 (same). Therefore, the Second Circuit will "not reverse the denial of such a motion except for abuse of discretion." *Powerserve Int'l, Inc.,* 239 F.3d at 514 (citations omitted).

**B. Status of Defaulted Defendants**

As discussed *supra*, the four defaulted defendants have appeared and moved to dismiss the Complaint, perhaps with the erroneous belief that such actions have rectified their defaults. However, their defaults remain in effect. In the interest of justice, given the Second Circuit's

longstanding disfavor for defaults, and in light of their appearance through Attorney O'Neill and their pending motion to dismiss, the Court will grant these defendants a brief period to move to set aside their defaults before the Court will proceed to rule on the pending motions. That way, the defaulted defendants will have the opportunity to inform the Court regarding their reason(s) for default, as well to present facts regarding any willfulness of default, possible resulting prejudice to Plaintiff, and meritorious defenses to Plaintiff's claims. *See Powerserve Int'l, Inc.*, 239 F.3d at 514. The Court will then determine whether said defaults may properly be set aside for "good cause." If the defaults are vacated, the Defendants will re-enter the action and the Court will resolve their motion to dismiss. However, if the defaults remain intact, the Court will adjudicate Plaintiff's motion for default judgment.[2]

### III. CONCLUSION

For the foregoing reasons, the Court hereby ORDERS that if the defaulted parties – DESPP, William Hackett, Gemma Fabris, and Ken Dumais – wish to re-enter the case, they must move to set aside their defaults under Rule 55(c), Fed. R. Civ. P., on or before Friday, **November 22, 2019**. Plaintiff may respond to any such motion within twenty-one (21) days after it is filed; and the defaulted defendants may reply within fourteen (14) days thereafter. D. Conn. L. Civ. R. 7(a)(2), 7(d). The briefing deadlines for Defendants' "Motion to Dismiss" [Doc. 41] and Plaintiff's "Motion

---

[2] In particular, depending on the outcome of any motion to set aside the default, either the Defendants' "Motion to Dismiss" [Doc. 41] or Plaintiff's "Motion for Default Judgment" [43] will be rendered moot in whole or in part. In particular, if the four defaulted defendants remain in default, the Court will not adjudicate their motion to dismiss because they will not be active parties in the action. In that case, the Court will examine the merits of Plaintiff's claims to determine whether he may receive default judgment against them. However, if the default is set aside so that the defaulted defendants become active parties in the action, the Plaintiff's motion for default judgment will be denied as moot and the defendants' motion to dismiss the complaint will be considered on the merits.

for Default Judgment" [Doc. 43] are hereby stayed.  Once **November 22** has expired or the Court rules on Defendants' motion to set aside their defaults, whichever is later, the Court will set expedited briefing deadlines for Defendants' "Motion to Dismiss" [Doc. 41] and/or Plaintiff's "Motion for Default Judgment" [Doc. 43].

Furthermore, if the defaulted defendants fail to move to set aside their defaults on or before **November 22, 2019**, or the Court denies said motion, the Court will resolve their motion to dismiss as moot and rule on Plaintiff's motion for default judgment.  In that event, should the Court grant the latter motion, entering judgment against the four defaulted defendants, these defendants will only be allowed to move for relief from that judgment under the stricter standard of Rule 60(b), Fed. R. Civ. P.

It is SO ORDERED.

Signed: New Haven , Connecticut
       October 22, 2019

                                */s/Charles S. Haight, Jr.*
                                CHARLES S. HAIGHT, JR.
                                Senior United States District Judge