UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ARKADY SARDARIAN,<br><br>   Plaintiff,<br>v.<br><br>FEDERAL EMERGENCY MANAGEMENT AGENCY; DEAN J. SAVRAMIS, in his official capacity; and<br><br>DEPARTMENT OF EMERGENCY SERVICES & PUBLIC PROTECTION, DIVISION OF CONNECTICUT EMERGENCY MANAGEMENT & HOMELAND SECURITY; WILLIAM J. HACKETT, GEMMA FABRIS, AND KEN DUMAIS, in their official capacity; and TOWN OF WESTPORT, CONNECTICUT; JIM MARPE, ROBERT E. YOST, ANDREW KINGSBURY, AND MICHELE ONOFRIO, in their official capacity;<br><br>   Defendants. | Civil Action No.<br>No. 3:19-cv-910 (CSH)<br><br><br><br><br><br>JANUARY 16, 2020 |

## RULING ON PLAINTIFF'S MOTION TO AMEND COMPLAINT [Doc. 87]

**Haight, Senior District Judge:**

In this action alleging statutory violations for termination of previously awarded federal hazard mitigation funds for his residence in Westport, Connecticut, *pro se* Plaintiff Arkady Sardarian has now submitted a motion to amend his Complaint without attaching a proposed amended complaint or a memorandum of law. *See* Doc. 87. Plaintiff states in his motion that he is waiting to file his proposed amended complaint until "*after* Connecticut State Defendants file their Reply

1

to Plaintiff's Opposition [Doc. 42] to [their] Motion to Dismiss [Doc. 41]." *See* Doc. 87, at 1 (emphasis in original).

There are currently three pending motions to dismiss [Doc. 41, 62, and 64], which the Plaintiff would like to be ripe for the Court's adjudication before he drafts his amended complaint. The other defendants in the action have "recently filed their respective Replies [on] January 3, 2020 and January 10, 2020," to their own motions to dismiss [Doc. 62 & 64]. *Id.* However, the state defendants, who have recently been reinstated as parties in the action after their defaults were set aside, have yet to reply to Plaintiff's opposition [Doc. 42] to their motion to dismiss [Doc. 41].[1] Under these circumstances, Plaintiff argues that he needs time to incorporate "all alleged deficiencies and other necessary changes to the Complaint." Doc. 87, at 1.

The Court cannot consider the substance of Plaintiff's motion to amend his Complaint because Plaintiff has not complied with the Federal Rules of Civil Procedure, which are binding upon *pro se* litigants. "To obtain leave of court to amend the complaint, a party should file both a Rule 15 motion and a proposed amendment or new pleading." *Gulley v. Dzurenda,* 264 F.R.D. 34, 36 (D. Conn. 2010). *See also El-Massri v. New Haven Corr. Ctr.*, No. 3:18-CV-1249 (CSH), 2019 WL 2006001, at *3 (D. Conn. May 7, 2019) ("If one seeks amendment of a pleading, one must affix a copy of the proposed amended pleading to his Rule 15 motion. . . . [F]ailure to attach the proposed amendment my prevent the Court from determining whether leave is proper under the *Foman* standard."); *Chylinski v. Martin Rosol's Inc.*, No. 3:08-CV-1231 (RNC) (DFM), 2010 WL 2794198, at *1 n.2 (D. Conn. June 23, 2010) (Where "no proposed amended complaint was attached," the

---

[1] These self-styled "state defendants" include: Connecticut Department of Emergency Services and Public Protection ("DESPP"), William J. Hackett, Gemma Fabris, and Ken Dumais.

court "instructed plaintiff that he must draft an amended complaint which includes the changes he wishes to make, sign it, and file the entire proposed Amended Complaint as an exhibit to his motion to amend.) (internal quotation marks omitted), *report and recommendation adopted*, No. 3:08-CV-1231 (RNC ), 2010 WL 2794101 (D. Conn. July 14, 2010); *Broga v. Northeast Utilities,* No. 96-CV-2114 (DJS), 1999 WL 33483581, at *6 (D. Conn. Aug. 19, 1999) ("Common sense dictates that a party requesting leave to file an amended pleading must accompany his motion with a copy of the proposed amended complaint that complies with the general rules of pleading in FED. R. CIV. P. Rule 8(a). This is necessary so that the court and the adverse party will know the precise nature of the pleading changes being proposed.")(citation and internal quotations marks omitted). *See also generally* 3 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶¶ 15, 17[1] (3d ed. 2004).

Here, as in *Gulley*, the Court "den[ies] leave to amend on the grounds that the court cannot evaluate the propriety of granting leave unless the court has had an opportunity to review the substance of the proposed amendment," 264 F.R.D. at 36 (internal citation omitted). Moreover, the defendants cannot respond properly until they have access to the text of the proposed amended complaint.

Plaintiff is reminded that, pursuant to Local Rule 7, "any motion involving disputed issues of law shall be accompanied by a memorandum or law," D. Conn. L. Civ. R. 7(a). Moreover, although he is not represented by counsel, it would assist the Court if, pursuant to Local Rule 7(f), Plaintiff were to file "a redlined version of the proposed amended pleading showing the changes proposed against the current pleading and a clean version of the proposed amended pleading," *id.* 7(f). The redlined version would clarify the proposed amended text for the Court's consideration.

## CONCLUSION

For the foregoing reasons, Plaintiff's present "Motion to Amend" [Doc. 87] is DENIED WITHOUT PREJUDICE. He may refile his motion provided he includes the appropriate documents (proposed amended complaint and legal memorandum) with his submission. For that purpose, he is referred in particular to Federal Rule 15 and Local Rule 7(f) of Civil Procedure, as well this District's "Notice to Self-Represented Litigants Regarding Motions to Dismiss," D. Conn. L. Civ. R. 12, at ¶ 3.[2]

It is SO ORDERED.

Dated: New Haven, Connecticut
January 16, 2020

/s/Charles S. Haight, Jr.
CHARLES S. HAIGHT, JR.
Senior United States District Judge

---

[2] Paragraph 3 of that Notice provides, in relevant part:

If you would like to amend your complaint under Rule 15 of the Federal Rules of Civil Procedure in order to respond to the alleged deficiencies in your complaint asserted by the defendant [in a motion to dismiss], you may promptly file a motion to amend your complaint, but you *must attach your proposed amended complaint* to the motion.

D. Conn. L. Civ. R. 12(a) (text of Notice) (emphasis added).